UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00124-HBB

DEBBIE MOORE                                                                                                               PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
**Commissioner of Social Security**                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Debbie Moore ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 16) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered October 11, 2018 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

1

## FINDINGS OF FACT

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits on March 9, 2015 (Tr. 15, 244-47, 248-56). Plaintiff alleged that she became disabled on August 31, 2014 as a result of anxiety and depression (Tr. 15, 286). Administrative Law Judge Maribeth McMahon ("ALJ") conducted a video hearing from Paducah, Kentucky on May 23, 2017 in (Tr. 15, 33-35). Plaintiff and her counsel, Sara J. Martin, participated from Madisonville, Kentucky (Id.). During the hearing Kenneth Boaz testified as a vocational expert (Id.).

In a decision dated November 14, 2017 the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-27). The ALJ noted that Plaintiff filed a prior application for Supplemental Security Income Benefits on January 12, 2012 (Tr. 15). The ALJ recognized that a previous Administrative Law Judge found Plaintiff was not disabled in a hearing decision dated May 23, 2013 (Tr. 15, 64-79). The ALJ indicated that no further appeals were filed by Plaintiff regarding that application (Id.).

Returning to the applications filed on March 9, 2015, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2016 (Tr. 18). At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 31, 2014, the alleged onset date (Id.). At the second step, the ALJ determined that Plaintiff has the following severe impairments: hypertension, hyperlipidemia, insomnia, an affective disorder, and an anxiety disorder (Id.). The ALJ also concluded that Plaintiff's gastroesophageal reflux disease and blurred vision were non-severe impairments (Id.). At the third step, the ALJ

concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) except she is limited to simple, one to three step tasks requiring only occasional, task-focused interaction with non-confrontation supervisors and coworkers; she needs to avoid contact with the public; and she needs to avoid work that is fast-paced and strictly quota-based (Tr. 20). The ALJ found that Plaintiff has no past relevant work (Tr. 26).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 26-27). The ALJ found that Plaintiff is able to perform a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from August 31, 2014 through the date of the decision (Tr. 27).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 242-43). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when

a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a),

416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to Finding No. 4

Plaintiff disputes the ALJ's determination that she did not meet Listings 12.04 and 12.06 because she failed to satisfy paragraph "B" criteria (DN 13; DN 13-1 PageID # 966-68). Plaintiff argues the ALJ should have found marked or extreme limitations in the four categories of paragraph "B" criteria considering Plaintiff's testimony regarding anxiety; Dr. Hardison's descriptions of her depression and social phobia; records from Western State Hospital; outpatient

treatment records from Pennyroyal Mental Health; and the opinion of consultative examiner Dr. Kathy Seigler[1] (DN 13-1 PageID # 966-68 citing Tr. 46-47, 865-66, 360-91, 393-98, 461-72, 577-96).

Defendant asserts that substantial evidence in the record supports the ALJ's determination that Plaintiff did not satisfy the paragraph "B" criteria because she had a mild limitation in understanding, remembering or applying information; a moderate limitation in her ability to interact with others; a mild limitation in her ability to concentrate, persist, or maintain pace; and no limitation in her ability to adapt or manage oneself (DN 16 PageID # 977-82, citing Tr. 19, 23, 41-42, 44, 52-53, 86, 312, 314-18, 395, 465, 469, 472, 484, 564-65, 574, 576). Defendant points out that the ALJ's findings are supported by the conclusions of the non-examining State Agency psychologists who had the benefit of reviewing the opinions of Drs. Hardison and Seigler (Id. citing Tr. 19, 25, 88-89, 115-16).

At the third step, a claimant has the burden of demonstrating she has an impairment that meets a listing in Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d); Burgess v. Sec'y of Health & Human Servs., 835 F.2d 139, 140 (6th Cir. 1987). To meet a listing, the medical records regarding the impairment must satisfy both the diagnosis and severity requirements for the listing. *See* 20 C.F.R. §§ 404.1525(d), 416.925(d); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1984).

---

1 Plaintiff points out Dr. Seigler opined she had marked limitations in each of the four categories of the paragraph "B" criteria (DN 13-1 PageID # 967 citing Tr. 398). Plaintiff also points out she indicated to Dr. Seigler that the medication helps but does not eliminate her symptoms of anxiety and depression and she cannot function without medication (DN 13-1 PageID # 968 citing Tr. 395).

6

The diagnosis requirements are not at issue here because Plaintiff is limiting her challenge to the severity requirements for Listings 12.04 and 12.06. Specifically, whether substantial evidence supports the ALJ's findings regarding the degree of limitation in each of the four areas of mental functioning in the paragraph "B" criteria.

The paragraph "B" criteria are: "1. *Understand, remember, or apply information (paragraph B1)*"; "2. *Interact with others (paragraph B2)*"; "*3. Concentrate, persist, or maintain pace (paragraph B3)*"; and "*4. Adapt or manage oneself (paragraph B4)*". 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E1-4. These four areas of mental functioning are evaluated on the following five-point rating scale:

> a. *No limitation (or none)*. You are able to function in this area independently, appropriately, effectively, and on a sustained basis.
>
> b. *Mild limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.
>
> c. *Moderate limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.
>
> d. *Marked limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.
>
> e. *Extreme limitation*. You are not able to function in this area independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2a-e. To satisfy the paragraph "B" criteria for Listings 12.04 and 12.06 a claimant's mental disorder must result in extreme limitation of one, or marked

limitation of two, paragraph B areas of mental functioning. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2, Listing 12.04 Depressive, bipolar and related disorders, and Listing 12.06 Anxiety and obsessive-compulsive disorders.

The ALJ concluded that Plaintiff did not satisfy the paragraph "B" criteria because she had a mild limitation on understanding, remembering, or applying information; a moderate limitation on interacting with others; a mild limitation on concentrating, persisting, or maintaining pace; and no limitation on adapting or managing oneself (Tr. 19). The ALJ adequately explained the basis for finding the degree of limitation in each of the four areas of function (Id.). Substantial evidence in the record supports the ALJ's findings regarding the degree of limitation in each of the four areas of function.

Plaintiff's reliance on the marked limitations expressed by Dr. Seigler is misguided because the ALJ accorded little weight to that opinion (Tr. 25). Further, substantial evidence supports the ALJ's determination that Dr. Seigler's opinion was inconsistent with the doctor's own examination findings and other evidence in the record, including Plaintiff's positive response to treatment and mostly normal findings in Plaintiff's other records (Tr. 20-21, 25, 392-98, 465-66, 469, 472, 573-74, 576, 595, 627, 631, 635, 639, 645, 649, 654, 660, 673, 892, 893, 896, 898-99). Equally misplaced is Plaintiff's reliance on Dr. Hardison's remarks about Plaintiff's symptoms and limitations. As explained below, substantial evidence supports the ALJ's decision to discount Dr. Harbison's remarks as inconsistent with the doctor's own treatment notes and records from Pennyroyal Mental Health (Tr. 21-22, 24, 25, 461-92, 570-76, 577-96,891-905). Finally,

Plaintiff's reliance on the records from Western State Hospital is misplaced because they address her condition from August 10-17, 2011 (Tr. 698-862). That is more than three years before August 31, 2014, the date Plaintiff alleged her disability began (Tr. 15, 286).

Challenges to Finding No. 5

Plaintiff raises two challenges to Finding No. 5 which sets forth the ALJ's RFC determination. First, she contends the ALJ should have afforded great weight to the physical (sedentary with additional breaks) and mental (marked symptoms of depression) limitations expressed by her primary care physician Dr. Hardison (DN 13-1 PageID # 962-64). Plaintiff asserts these limitations were consistent with the record and the ALJ failed to give a sufficient reason for assigning little weight to Dr. Hardison's opinion (Id.). Next, Plaintiff asserts substantial evidence does not support the ALJ's RFC determination that she can perform medium work (Id. PageID # 964-66). Plaintiff emphasizes it was not reasonable for the ALJ to conclude she can perform medium work given her advanced age, hypertension, and mental health (Id.).

Defendant contends the ALJ considered the physical and mental limitations in Dr. Hardison's opinion and provided good reasons, supported by substantial evidence, why the limitations were entitled to no weight (DN 16 PageID # 984-88). Defendant asserts that the ALJ's RFC determination is supported by substantial evidence in the record and comports with applicable law (DN 16 PageID # 982-83, 988-89).

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the

case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529, 416.927(c), 416.929.

The Sixth Circuit has provided the following comprehensive explanation regarding the standards for weighing medical opinions from treating sources:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, id., as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, id. § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. Id. § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir.2004).

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013).

The ALJ gave a thorough and accurate summary of the medical evidence in the record, including the treatment records received from Dr. Hardison (Tr. 20-25). At issue is the weight the ALJ accorded to opinions Dr. Hardison expressed in a letter dated February 21, 2017 (Tr. 22,

10

865-66). In pertinent part the ALJ's decision reads as follows:

> The undersigned carefully considered the opinion of Dr. Hardison in his letter dated February 21, 2017. However, he based his opinion in part to the claimant's "age", which is not a factor used in assessing work-related limitations. Furthermore, he limited the claimant to no more than sedentary work given her issues with hypertension, but her blood pressure is being managed effectively with medication and there are no objective medical findings to suggest the claimant cannot do more than sedentary activity. Overall, his physical examination findings have been minimal. Dr. Hardison does prescribe the claimant's psychotropic medication, but his remarks regarding her symptoms and limitations are greater than can be supported by his treatment notes as well as evidence from Pennyroyal. For these reasons, the undersigned gives no weight to Dr. Harbison's opinion. . . .

(Tr. 25). The ALJ implicitly indicated Dr. Hardison's opinion is not accorded controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and it is inconsistent with the other substantial evidence in the record. Instead of reading the above paragraph in a vacuum, the reader must consider the ALJ's summary of the medical evidence in the pages proceeding to fully comprehend the medical evidence in the record substantiating her conclusions (*see* Tr. 20-25, 465-66, 472, 573-74, 576, 587, 594-95, 596, 627, 631, 635, 645, 654, 660, 673, 865, 893, 896, 898-99). Furthermore, contemplation of the ALJ's summary of the medical evidence in the pages proceeding is necessary to appreciate her efforts to weigh Dr. Hardison's opinion based on the length, frequency, nature, and extent of the treatment relationship, as well as the doctor's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence (Tr. 20-25). 20 C.F.R. §§ 404.1527(c)(2)-(6); 416.927(c)(2)-(6). Moreover, the ALJ provided "good reasons" for discounting the weight given to Dr. Hardison's opinion (Tr. 20-25). In sum, the ALJ's assignment

11

of weight to Dr. Hardison's opinion is supported by substantial evidence in the record and comports with applicable law.

Next, the Court will address Plaintiff's assertion that substantial evidence does not support the ALJ's RFC determination (DN 13-1 PageID # 964-66). In Finding No. 5 the ALJ determined Plaintiff has the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) except she is limited to simple, one to three step tasks requiring only occasional, task-focused interaction with non-confrontation supervisors and coworkers; she needs to avoid contact with the public; and she needs to avoid work that is fast-paced and strictly quota-based (Tr. 20). The weight the ALJ assigned to the opinions of the non-examining State Agency psychologists and the one-time psychological examiner, Dr. Seigler, is supported by substantial evidence and comports with applicable law (Tr. 25).

Additionally, Plaintiff's subjective statements about symptoms she is experiencing will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether Plaintiff suffers from debilitating symptoms the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986) applies.

Administrative Law Judges must first examine whether there is objective medical evidence of an underlying medical condition. If there is, then Administrative Law Judges must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. Here, the ALJ complied

12

with these steps and found the objectively established medical conditions were not of such severity that they could reasonably be expected to produce the alleged disabling symptoms (Tr. 20-25).

When the reported symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, Administrative Law Judges will consider other information and factors which may be relevant to the symptoms alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Here, the ALJ considered Plaintiff's level of daily activity as a factor in assessing the extent to which her purported symptoms were of disabling severity (Tr. 20-25). 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990). The ALJ also considered the frequency that Plaintiff sought treatment for the allegedly disabling conditions (Tr. 20-25). 20 C.F.R. §§ 404.1529(c)(3)(v) and 416.929(c)(3)(v). Another factor the ALJ considered was inconsistencies in the evidence and the extent to which there were any conflicts between Plaintiff's statements and the rest of the evidence in the record (Tr. 20-25). 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4). The ALJ additionally considered medications used to alleviate Plaintiff's symptoms (Tr. 20-25). 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).

The ALJ found from the medical record and Plaintiff's testimony that the Plaintiff did not suffer symptoms to the extent she testified. In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to assess the Plaintiff's subjective allegations. Since tolerance to symptoms is a highly individualized matter, and a determination of disability based upon symptoms depends, of necessity, largely on the credibility of the claimant, the conclusion of the Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736

F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding Plaintiff's subjective statements about her symptoms are supported by substantial evidence and fully comport with applicable law.

Plaintiff also accuses the ALJ of intentionally avoiding a finding of disabled under the GRID Rules by concluding she could perform medium as opposed to light or sedentary work (DN 13-1 Page ID # 965-66). Having found that substantial evidence supports the ALJ's RFC finding there is no need to further delve into the substance of Plaintiff's accusation.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

May 9, 2019

*signature*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies: Counsel